FILED
1/15/2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUSTIN ROSSI, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 1:20-cv-03843 (UNA) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

This matter is before the court on its initial review of petitioner's *pro se* "complaint" and application for leave to proceed *in forma pauperis* ("IFP"). The court will grant petitioner's application for leave to proceed IFP and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that respondents receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a "complaint [] contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C.

2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). The instant complaint falls within this category.

Petitioner, a resident of Tallahassee, Florida, sues the United States, by way of the Attorney General. He asks the court to "hold the United States liable" and seeks "any form of justice or redress in his matter brought before the courts against the crown . . . and redress must be made in the land of freedom, liberty, and justice for all take precedent." He cites, without explanation, to an Executive Order, the Declaration of Independence, and authority in the United States Constitution concerning impeachment. He also cites to 18 U.S.C. §§ 241, 246, and 1519. However, petitioner does not set forth any actual claims or allege any wrongdoing, and no further elucidating information is provided. The remainder of the complaint instead consists of unexplained attached copies of exhibits and other court documents seemingly associated with litigation filed in New Zealand.

The complaint, as pled, is undefined and fails to provide any notice of a claim or any basis for federal jurisdiction. Any entitlement to relief, or even the nature of relief sought, is entirely unclear. For this reason, the case will be dismissed. A separate order accompanies this memorandum opinion.

Date: January 15, 2021

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge